[Docket No. 1, 1-1, 2]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

MONTAE COLLINS,

        Plaintiff,

   v.

VOLUNTEERS OF AMERICA,
DELAWARE VALLEY, INC.,

        Defendant.

Civil No. 25-14328 (RMB-MJS)

**OPINION**

**RENÉE MARIE BUMB, Chief United States District Judge**

**THIS MATTER** comes before the Court upon the filing of a Complaint, Application to Proceed *in forma pauperis* ("IFP"), and Motion for a Temporary Restraining Order and Preliminary Injunction by *pro se* Plaintiff Montae Collins. [Docket Nos. 1 ("Compl."), 1-1, 2.] Plaintiff's IFP application establishes his financial eligibility to proceed without prepayment of the filing fee and will be granted.

## I.    SCREENING FOR DISMISSAL

When a person files a complaint and is granted IFP status, 28 U.S.C. § 1915(e)(2)(B) requires courts to review the complaint and dismiss claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Courts, however, must liberally construe pleadings that are filed *pro se. Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The legal standard for dismissing a complaint for failure to state a

claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), is the same as that for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 556.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff brings this lawsuit against the Delaware Valley arm of Volunteers of America ("VOA"), a nonprofit organization that provides shelter services. [Compl. at 1.] He alleges that he was unlawfully removed from a VOA shelter in Camden County in violation of 42 U.S.C. § 1983. [*Id.* at Count I.] In the alternative, he brings a claim against VOA for unjust enrichment. [*Id.* at Count II.]

## III.   ANALYSIS

This Court is without jurisdiction over Plaintiff's claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A person acts under color of state law if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (citation and internal quotation marks omitted).

Generally, private entities are not liable under Section 1983. A private entity can only qualify as a state actor where it performs a "traditional" and "exclusive public function," "when the government compels the private entity to take a particular action," or "when the government acts jointly with the private entity." *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 809 (2019).

Plaintiff alleges that VOA is a state actor subject to Section 1983 liability because it is "funded by state and county agencies" and because it "performs a traditional and exclusive public function, providing government-funded emergency shelter to homeless individuals, and acts jointly with state and county agencies in determining eligibility, funding, and program compliance." [Compl. at 4.] These conclusory allegations are insufficient to withstand screening under a Rule 12(b)(6) standard. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553–56 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.") (citations omitted). But even assuming VOA received funding from the state, that is not enough to turn private action into state action. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 640 (3d Cir. 1995); *Crowder v. Conlan*, 740 F.2d 447, 450 (6th Cir. 1984). ("The actions of a private entity do not become state action merely because the government provides substantial funding to the private party."). And the Court will take judicial notice of other decisions across the country finding that that VOA is *not* a state actor for purposes of Section 1983. *See Singleton v. Volunteers of Am.*, 2013 WL 5934647, at *2 (N.D. Cal. Nov. 4, 2013) (examining VOA articles of incorporation and determining that it was "not a state-run program, but a corporation formed to

operate 'a religious, missionary and welfare society'"); *Tillman v. Mauser*, 2011 WL 826794, at *5 n.4 (S.D. Ohio Mar. 3, 2011 (collecting cases concluding that VOA is not a state actor); *Bassomb v. Volunteers of Am. - Greater New York*, 2007 WL 760407, at *3 (S.D.N.Y. Mar. 12, 2007) ("Volunteers of America is a private employer that operates by its own internal rules of conduct."); *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) ("To resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint."). Therefore, as alleged, Plaintiff cannot state a claim under Section 1983. The Court will, however, afford Plaintiff leave to amend to set forth non-conclusory facts alleging that VOA is a state actor amenable to federal question jurisdiction under Section 1983.

The Court is also without jurisdiction to hear Plaintiff's common law unjust enrichment claim under the federal diversity statute which requires that the plaintiff and defendant are from different states. 28 U.S.C. § 1332(a). Plaintiff alleges that he is a New Jersey resident and that VOA, Delaware Valley is a corporation under organized under the laws of the state of New Jersey. [Compl. at 1.] Although "residency" is not synonymous with domicile—the relevant determiner of citizenship for purposes of diversity jurisdiction, *Vanz, LLC v. Mattia & Assocs.*, 2016 WL 3148400, at *3 (D.N.J. May 17, 2016) ("The citizenship of a natural person is determined by their domicile, not their residence")—it is still *prima facie* evidence of an individual's domicile, *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile[.]"). Because Plaintiff has failed to plead allegations

sufficient to establish diversity of citizenship, the Court will also dismiss the unjust enrichment claim without prejudice for lack of subject matter jurisdiction, similarly with leave to amend.

## IV.    CONCLUSION

For the reasons stated above, the Court will **GRANT** Plaintiff's IFP application and **DISMISS** his Complaint **WITHOUT PREJUDICE**. The Court will afford Plaintiff **LEAVE TO AMEND** to remedy the deficiencies identified herein. The Court will **DENY AS MOOT** Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction. An appropriate Order follows.


**August 8, 2025**                              **s/Renée Marie Bumb**
Date                                               RENÉE MARIE BUMB
                                                   Chief United States District Judge