IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MONTAE COLLINS, <br><br> Plaintiff, <br><br> v. <br><br> VOLUNTEERS OF AMERICA DELAWARE VALLEY, INC., <br><br> Defendant. | Civil No. 25-14328 (RMB-MJS) <br><br> **OPINION** |

**RENÉE MARIE BUMB, Chief United States District Judge:**

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Montae Collins' Amended Complaint [Docket No. 6 ("Am. Compl.")], which requires the Court to conduct a screening pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth herein, Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

## I.   PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff brings this lawsuit against the Delaware Valley arm of Volunteers of America ("Defendant"), a nonprofit organization that provides shelter services. [Am. Compl.] He filed his initial Complaint and IFP application on August 7, 2025. [Docket No. 1.] The Court granted Plaintiff's IFP application on August 8, 2025, but, upon screening, dismissed his Complaint for failure to state a claim under the Rule 12(b)(6) Standard. [Docket No. 4.] Plaintiff was afforded leave to amend. Plaintiff submitted his Amended Complaint on August 14, 2025. In the Amended Complaint, Plaintiff

purports to assert claims under 42 U.S.C. § 1983 for being removed from Defendant's shelter and a "proprietary program" theory alleging Defendants implemented a wellness program he claims to have created. [Am. Compl. at 5-6.] In the alternative, he brings a claim against Defendant for unjust enrichment. [*Id.* at 6.]

## II.   LEGAL STANDARD

District courts must review a Complaint brought by a plaintiff proceeding *in forma pauperis* and *sua sponte* dismiss any action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Whether a complaint should be dismissed under § 1915 because it fails to state a claim is assessed under the same standard as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Rhoads v. Maryland Judiciary*, 546 F. App'x 91, 93 (3d Cir. 2013).

When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To make this determination, courts conduct a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*,

556 U.S. 662, 675 (2009)). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 678). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* at 130 (quoting *Iqbal*, 556 U.S. at 679).

Generally, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). For example, district courts should be "willing to apply the relevant legal principle even when the complaint has failed to name it." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim," and "they must abide by the same rules that apply to all other litigants." *Id.* at 245.

III. ANALYSIS

    A.    Plaintiff's Section 1983 Claim

Plaintiff asserts a claim under 42 U.S.C. § 1983 alleging that Defendant violated his procedural due process rights under the Fourteenth Amendment by terminating his housing placement and associated funding without notice or a hearing. [Am. Compl. at 6.] This claim does not survive screening.

### 1. State Action

Section 1983 imposes liability on individuals who deprive a person of a federal constitutional or statutory right "under color of any statute, ordinance, regulation, custom, or usage" of a state. 42 U.S.C. § 1983. Section 1983's "under color of law" requirement is "the equivalent of state action." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005); *see also Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) ("The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982))). Thus, to avoid dismissal of his Section 1983 claim, Plaintiff must plead enough facts to show that he suffered a deprivation of a federal constitutional or statutory right by a state actor. *Leshko*, 423 F.3d at 339. To determine if state action exists, the Third Circuit has "outlined three broad tests generated by Supreme Court jurisprudence":

> (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

*Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (alteration in original) (citation and internal quotation marks omitted). "Under any test, '[t]he inquiry is fact-specific.'" *Id.* (quoting *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995)).

Plaintiff has not plausibly alleged that Defendant acted under color of law. He has not alleged that Defendant is a state agency, that it exercised powers traditionally reserved exclusively to the state, nor that any state official directed or participated in the alleged termination of his housing placement. At most, Plaintiff alleges that Defendant operates a shelter program funded through the Camden County Navigation program and administered by the New Jersey Department of Human Services [Am. Compl. at 3, 6]. But "[a]cts of private contractors do not become acts of the State simply because they are performing public contracts." *Kach*, 589 F.3d at 647. Such allegations, without more, are insufficient to establish state action for purposes of a Section 1983 claim. *See Rendell-Baker*, 457 U.S. at 840-43.

### 2.     Deprivation of a Protected Property Interest

Assuming, arguendo, that Defendant did act under color of law, Plaintiff has not plausibly alleged the deprivation of a constitutionally protected property interest.

"To have a property interest in a benefit, a person clearly must have more than an abstract need or desire and more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005) (citations and internal quotations omitted); *see also Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006).

Plaintiff asserts that he had a legitimate claim of entitlement to continued housing assistance and participation in Defendant's program. [Am. Compl. at 5.] However, Plaintiff has not identified any statute, regulation, or contractual provision guaranteeing him either. [*Id.*] Plaintiff's allegations regarding notices, tenders, and

unilateral assertions of contractual or trust-based rights do not create a protected property interest under the Fourteenth Amendment. [*Id.*]; *see Town of Castle Rock*, 545U.S. at 756.

Moreover, Plaintiff's allegations repeatedly frame Defendant's conduct as a breach of contract or failure to honor asserted private agreements. [Am. Compl. at 5.] Even if this were the case, "not every interest held by virtue of a contract implicates [due] process." *Reich v. Beharry*, 883 F.2d 239, 242 (3d Cir. 1989). Absent plausible allegations that Plaintiff had a constitutionally protected right to continued housing, his procedural due process claim cannot proceed.

As Plaintiff has failed to allege that Defendant acted under color of law or that he was deprived of a constitutionally protected property interest, his Section 1983 claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

B.   **Plaintiff's "Proprietary Program" Claim**

Plaintiff, acting as "Trustee of the House of Zion Trust," next asserts a claim labeled "Proprietary Program," under which he alleges that Defendant partially implemented or engaged with "a proprietary wellness and training program" he created without acknowledging this or obtaining permission to do so. [Am. Compl. at 6.] This too fails to state a cognizable cause of action.

As an initial matter, Plaintiff does not identify any recognized federal or state statute that corresponds to this claim. [*Id.*] Although courts liberally construe the pleadings of *pro se* litigants, *Erickson*, 551 U.S. at 94, they may not supply a legal theory

6

where none is plausibly alleged. *See Mala*, 704 F.3d at 245. The Court therefore must determine whether Plaintiff's allegations as presented plausibly state any recognizable claim.

After a liberal reading of the Amended Complaint, Plaintiff appears to allege that Defendant misappropriated or improperly used intellectual materials associated with a program that Plaintiff claims belongs to him as the "Trustee of the House of Zion." [Am. Compl. at 6.] However, Plaintiff does not allege facts sufficient to support such a claim. Notably absent from his Amended Complaint are any copyright registrations, patents, trademarks, or other legally cognizable intellectual property rights associated with this alleged program. Plaintiff also does not allege that Defendant reproduced, distributed, or commercially exploited any protected materials. *See* 17 U.S.C. §§ 101 *et seq.* (Copyright Act of 1976). Instead, he stated that Defendant posted flyers, facilitated sign-ups, and engaged in limited discussions regarding the program. [Am. Compl. at 4.]

Even assuming Plaintiff's allegations as true, they fail to plausibly establish misappropriation or unauthorized use of intellectual property. *See Duffy v. Charles Schwab & Co.*, 123 F. Supp. 2d 802, 807-08 (D.N.J. 2000) (holding that ideas, concepts, and general program descriptions are not protectable, absent a recognized intellectual property right). Plaintiff's repeated references to "trust authority," "standing," and unilateral notices do not substitute for factual allegations establishing enforceable ownership rights or unlawful use by Defendant. [Am. Compl. at 6 (citing Pl. Ex. J).]

Accordingly, Plaintiff's "Proprietary Program" claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

### C. Plaintiff's Unjust Enrichment Claim

In addition to his federal claims, Plaintiff asserts a state law claim for unjust enrichment. This Court has determined that Plaintiff has failed to properly plead any federal claims in the Amended Complaint. Thus, with no properly pled federal claims appearing on the face of Plaintiff's Amended Complaint and no other basis for this Court's original jurisdiction,[1] the Court declines to exercise supplemental jurisdiction over any state law claims at this time. 28 U.S.C § 1367(c)(3) (district "may decline to exercise supplemental jurisdiction" over state law claims if the court "has dismissed all claims over which it has original jurisdiction."). The Court finds no extraordinary circumstances warranting an exercise of supplemental jurisdiction over Plaintiff's unjust enrichment claim. *Hedges v. Musco*, 204 F.3d 109, 123-24 (3d Cir. 2000) (affirming district court's decision not to exercise supplemental jurisdiction over state law claim after all federal claims were dismissed and noting that district court "must decline to decide [ ] pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing

---

[1] The Court lacks subject matter jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). The Civil Cover Sheet submitted by Plaintiff [Docket No. 1-1] indicates that both Plaintiff and Defendant are citizens of New Jersey, defeating the complete diversity requirement.

so."). Plaintiff is free to bring the claim in state court, although this Court makes no finding as to the merits or procedural posture of such claim.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff will be afforded a final opportunity to amend his pleadings within thirty (30) days to remedy the deficiencies identified herein. Should he fail to timely do so, this matter will be deemed dismissed with prejudice. An appropriate Order shall issue on this date.

**March 5, 2026**  
Date

**s/Renée Marie Bumb**  
RENÉE MARIE BUMB  
Chief United States District Judge